FILED
NOV 28 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Aaron Smith, Mark W. Earl, and Randall G. Hibbs, )<br><br>Plaintiffs, )<br>v. )<br>C.H. Robinson Worldwide, Inc., )<br>Defendant. ) | 06CV6559<br>**JUDGE CASTILLO**<br>**MAGISTRATE JUDGE VALDEZ**<br><br>CIVIL ACTON NO.<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiffs Aaron Smith, Mark W. Earl, and Randall G. Hibbs, for their Complaint against defendant C.H. Robinson Worldwide, Inc., allege and state as follows:

## PROCEDURAL HISTORY

1. The individual Fair Labor Standards Act ("FLSA") overtime wage violation claims alleged in this Complaint were originally asserted in *Carlson, et al. v. C.H. Robinson Worldwide, Inc.*, Civil No. 02-3780 (JNE/JJG) (filed October 2, 2002; D. Minn.) and *Johnson, et al. v. C.H. Robinson Worldwide, Inc.*, Civil No. 02-4261 (JNE/JJG) (filed November 14, 2002; D. Minn.). On November 27, 2002, the *Carlson* and *Johnson* actions were consolidated for purposes of the common FLSA claims.

2. On May 20, 2003, the *Carlson/Johnson* Court entered an order conditionally certifying separate § 216(b) classes for purposes of asserting overtime wage violation claims under the FLSA. The Court defined the classes as "all present and former female/male salaried employees of C.H. Robinson located in the United States who are/were employed in a sales, operations or support position in the transportation (including intermodal and international), produce, Ross Division, T-Chek or CPDS units, and who worked more than forty hours in any

431827

week without receiving overtime pay at any time between October 2, 1999/November 7, 1999 and the present."

3. Plaintiffs subsequently filed their respective consents to join the *Johnson* lawsuit for purposes of asserting their FLSA overtime wage violation claims.

4. On September 27, 2006, the *Carlson/Johnson* Court entered an order decertifying the collective action classes, dismissing without prejudice the FLSA overtime wage violation claims of Plaintiffs, among others, and staying the order for thirty days. By agreement of the parties, the stay was extended an additional thirty days. Accordingly, plaintiffs have timely re-filed their FLSA claims herein.

## PARTIES

### A. Plaintiffs

5. Plaintiff Aaron Smith is a male resident of Plano, Texas. He was hired by CHRW in September 1999, and was employed in a transportation sales position in the Plano Branch and was classified by C.H. Robinson Worldwide, Inc. as an exempt, salaried employee during the FLSA liability period.

6. Plaintiff Mark W. Earl is a male resident of Coppell, Texas. He was hired by CHRW in June 1991, and was employed in a transportation sales position in the Plano Branch and was classified by C.H. Robinson Worldwide, Inc. as an exempt, salaried employee during the FLSA liability period.

7. Plaintiff Randall G. Hibbs is a male resident of Denver, Colorado. He was hired by CHRW in July 1996, and was employed in a transportation sales position in the Plano Branch and was classified by C.H. Robinson Worldwide, Inc. as an exempt, salaried employee during the FLSA liability period.

431827

**B. Defendant**

8. Defendant C.H. Robinson Worldwide, Inc. ("CHRW") is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota. It is engaged in the third-party transportation logistics industry. It employs more than 5,000 employees in the United States. CHRW maintains a nationwide branch network, including a branch office in Plano, Texas (The "Plano Branch"), where it employed Plaintiffs.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because CHRW resides or may be found in this District.

## FACTS

11. CHRW misclassified Plaintiffs as exempt employees for purposes of the FLSA.

12. CHRW required Plaintiffs to work in excess of forty hours per week on a regular basis.

13. CHRW regularly failed to pay Plaintiffs at the FLSA prescribed overtime pay rate for the hours they worked in excess of forty hours in a week.

14. CHRW did not keep records of the overtime hours worked by Plaintiffs.

15. CHRW knew or should have known that Plaintiffs did not perform work that even arguably qualified them as exempt pursuant to the FLSA.

16. Plaintiffs did not have as their primary duty the performance of office work directly related to CHRW's policies or the general business operations of CHRW's customers. Rather, they were engaged in the production of CHRW's service.

17. The basic job duties of Plaintiffs were limited to some or all of the following: (a) taking customer orders; (b) providing rate quotes; (c) entering orders in the computer system; (d) arranging third-party transportation vendors; (e) coordinating freight pick up and delivery; and, (f) monitoring shipment. These job duties do not give rise to an exemption under the FLSA.

## COUNT I – FAILURE TO PAY OVERTIME COMPENSATION

18. Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 17 as though set forth here in full.

19. Plaintiffs worked significantly more than forty hours in a week on a regular basis, and did not receive overtime compensation from CHRW in violation of the FLSA.

20. CHRW did not have a good faith basis for believing that its failure to pay overtime compensation to Plaintiffs was in compliance with the FLSA.

21. CHRW's systematic failure to pay overtime compensation to Plaintiffs constitutes a repetitive willful violation of the FLSA.

22. As a result of CHRW's violations of the FLSA, Plaintiffs are entitled to recover unpaid overtime compensation plus interest thereon or liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court: (1) declare that defendant C.H. Robinson Worldwide, Inc. violated their respective rights under the FLSA; (2) enjoin defendant C.H. Robinson Worldwide, Inc. from further violations of the FLSA; (3) award them actual damages plus interest or liquidated damages under the FLSA; and, (4) award them their costs

including, but not limited to, attorneys' fees, experts' fees, and other costs and expenses incurred to prove their claims.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues triable of right by jury.

_____
LOCAL COUNSEL
L. Steven Platt (IL Atty # 3122005)
ARNOLD AND KADJAN
19 W. Jackson, 3rd Floor
Chicago, IL 60604
(312) 236-0415

*Attorney for Plaintiffs*

Seymour J. Mansfield (MN Atty # 67271)
Lawrence P. Schaefer (MN Atty # 195583)
Of Counsel to Mansfield Tanick & Cohen
Charles A. Horowitz (MN Atty # 294767)
Jean B. Roth (MN Atty # 0348181)
MANSFIELD TANICK & COHEN
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
(612) 339-4295

*Attorneys for Plaintiffs*

431827